1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9
10

DARREL C. OLDS,

11                              Petitioner,

CASE NO.  C11-5046BHS/JRC

REPORT AND RECOMMENDATION

12              v.

Noted for May 13, 2011

13    JEFF UTTECHT,

14                              Respondent.

15

16        The underlying petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 has been

17    referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) (A)

18    and (B), and Local Magistrate Judge Rules MJR3 and MJR4.

19

20        Petitioner challenges decisions of the Indeterminate Sentence Review Board finding him not

21    a fit subject for parole.  Because the petition is time barred the court recommends dismissal pursuant

22    to 28 U.S.C. § 2244 (d).

23                                    BASIS FOR CUSTODY

24        The specific facts of Mr. Olds crimes are not relevant to the court's analysis.  The facts were

25    reviewed and are in the record (ECF No. 16, Exhibit 2, Thurston County Sheriff's report).  In July of

26    1984, the Thurston County Superior Court found petitioner guilty by plea of one count of first

degree assault and one count of attempted rape in the first degree.  He was given a thirty-year maximum sentence on the assault and a ten-year maximum sentence on the attempted rape with the sentences running concurrently (ECF No. 16, Exhibit 1).

In February of 1984, the Indeterminate Sentence Review Board, ISRB, set the minimum term of the assault charge at 180 months (ECF No. 16, Exhibit 3).  Three years later, in an attempt to bring sentences closer in line with sentences under the Sentence Reform Act, the ISRB lowered petitioner's minimum term to ten years. (ECF No. 16, Exhibit 4).

In September of 1990, the ISRB added time to the minimum term and found petitioner not to be a fit subject for parole (ECF No. 16, Exhibit 5).  In April of 1994, the ISRB again met and considered petitioner for parole.  He was again found not to be a fit subject for parole. The ISRB added time to his minimum sentence (ECF No. 16, Exhibit 6).

In July of 1994, petitioner completed serving his sentence on the rape conviction and is now only serving time on the assault conviction.  In June of 1996, the ISRB added to the minimum term and found petitioner not fit for parole (ECF No. 16, Exhibit 7).  In January of 2002, the ISRB added again to the minimum term and found petitioner not fit for parole (ECF No. 16, Exhibit 8).  In January of 2003, the ISRB extended the minimum sentence to the thirty-year maximum.  The ISRB stated that it was their intention to see petitioner in three and one-half to four years to review his progress (ECF No. 16, Exhibit 9).  In August of 2006, the ISRB saw petitioner again and reaffirmed the decision to extend the minimum to the maximum date (ECF No. 16, Exhibit 10).

<u>PROCEDURAL HISTORY</u>

On October 8, 2008, Mr. Olds filed his first habeas corpus petition under cause number 08-cv-5612FDB.  The petition was dismissed without prejudice as no issues had been exhausted (<u>Olds v. Frakes</u>, 08-cv-5612FDB, ECF No. 28).  On October 14, 2009, petitioner filed a personal restraint

1    petition in state court (ECF No. 16, Exhibit 11).  Petitioner raised twelve grounds for relief in his

2    personal restraint petition.  They need not be set forth here as this recommendation is unrelated to

3    the grounds for relief.  The twelve grounds raised are in the record (ECF No. 16, Exhibit 11, pages

4    2-6).  On May 27, 2010, the petition was dismissed as frivolous (ECF No. 16, Exhibit 15).

5    Petitioner sought discretionary review and on December 21, 2010, the Washington State

6    Supreme Court denied review (ECF No. 16, Exhibits 16 and 18). Petitioner filed his habeas corpus

7    petition twenty-one days later on January 11, 2011 (ECF No. 1).

8

9                              **EVIDENTIARY HEARING NOT REQUIRED**

10        Evidentiary hearings are not usually necessary in a habeas case.  According to 28 U.S.C.

11   §2254(e)(2) (1996), a hearing will only occur if a habeas applicant has failed to develop the factual

12   basis for a claim in state court, and the applicant shows that: (A) the claim relies on (1) a new rule of

13   constitutional law, made retroactive to cases on collateral review by the Supreme Court that was

14   previously unavailable, or if there is (2) a factual predicate that could not have been previously

15   discovered through the exercise of due diligence; and (B) the facts underlying the claim would be

16   sufficient to establish by clear and convincing evidence that but for constitutional error, no

17   reasonable fact finder would have found the applicant guilty of the underlying offense.  28 U.S.C.

18   §2254(e)(2) (1996).

19        Petitioner's claims rely on established rules of constitutional law.  Further, there are no

20   factual issues that could not have been previously discovered by due diligence.  Finally, the facts

21   underlying petitioner's claims are insufficient to establish that no rational fact finder would have

22   found him guilty of the crime.  Therefore, this court concludes that an evidentiary hearing is not

23   necessary to decide this case.

REPORT AND
RECOMMENDATION - 3

1

<u>STANDARD OF REVIEW</u>

2
3       Federal courts may intervene in the state judicial process only to correct wrongs of a

4    constitutional dimension.  <u>Engle v. Isaac</u>, 456 U.S. 107 (1983).  Section 2254 explicitly states that a

5    federal court may entertain an application for writ of habeas corpus "only on the ground that [the

6    petitioner] is in custody in violation of the constitution or law or treaties of the United States."  28

7    U.S.C. § 2254(a)(1995).  The Supreme Court has stated many times that federal habeas corpus relief

8    does not lie for mere errors of state law.  <u>Estelle v. McGuire</u>, 502 U.S. 62 (1991); <u>Lewis v. Jeffers</u>,

9    497 U.S. 764 (1990); <u>Pulley v. Harris</u>, 465 U.S. 37, 41 (1984);

10       A habeas corpus petition shall not be granted with respect to any claim adjudicated on the

11   merits in the state courts unless the adjudication either (1) resulted in a decision that was contrary to,

12   or involved an unreasonable application of, clearly established federal law, as determined by the

13   Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the

14   facts in light of the evidence presented to the state courts.  28 U.S.C. §2254(d).   Further, a

15   determination of a factual issue by a state court shall be presumed correct, and the applicant has the

16   burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C.

17   §2254(e)(1).

18
19

<u>DISCUSSION</u>

20
        A.       Statute of limitations.
21
        A one-year statute of limitations was imposed on habeas corpus petitions under the 1996
22
     amendments to 28 U.S.C. § 2244(d), which were signed into law April 24, 1996, as part of the
23
     Antiterrorism and Effective Death Penalty Act (AEDPA).   28 U.S.C. § 2244(d) provides as follows:
24

25          (1)      A 1-year period of limitation shall apply to an application for a
                     writ of habeas corpus by a person in custody pursuant to the
26                   judgment of a State court.  The limitation period shall run from the
                     latest of-

(A)  the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244 (d).

The last decision of the ISRB affirming their decision that petitioner is not parolable was issued October 8, 2006 (ECF No. 16, Exhibit 10).  The ISRB decision was placed in petitioner's central file at the prison and delivered to him on November 14, 2006.  Pursuant to 28 U.S.C. § 2244 (d) (1) (C), the one-year time frame began to run November 15, 2006.  Petitioner had until November 15, 2007 to file his federal habeas corpus petition.  The first unexhausted petition was not filed until October 8, 2008 and, therefore, was time barred by eleven months.  His petition was dismissed July 21, 2009.  Petitioner's filing of a personal restraint petition on October 14, 2009, does not alter the fact that the one-year time frame for filing a habeas corpus petition had expired.  Accordingly, the court recommends that the petition be dismissed as time barred pursuant to 28 U.S.C. § 2244 (d).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P.

6.  Failure to file objections will result in a waiver of de novo review by the District Court Judge.

See, 28 U.S.C. 636 (b)(1)(C).  Accommodating the time limit imposed by Rule 72(b), the clerk is

directed to set the matter for consideration on May 13, 2011 as noted in the caption.

Dated this 12th day of April, 2011.

J. Richard Creatura
United States Magistrate Judge

REPORT AND
RECOMMENDATION - 6