UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DARREL C. OLDS,<br><br>               Petitioner,<br><br>     v.<br><br>JEFF UTTECHT.<br><br>               Respondent. | CASE NO. 11-5046BHS<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: AUGUST 12, 2011 |

The underlying petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and Local Magistrate Judge Rules MJR3 and MJR4.

This court previously submitted a Report and Recommendation that this matter be dismissed with prejudice because it was time-barred (ECF No. 20). Petitioner has since filed a motion asking that his petition be dismissed without prejudice (ECF No. 28). Respondent opposes the motion (ECF No. 29). Respondent argues that because the petition is time barred and would be second or successive in state court and the petitioner cannot return to state court, dismissal without prejudice is not warranted. The court agrees and recommends that the original Report and Recommendation, (ECF No. 20) be adopted.

REPORT AND RECOMMENDATION - 1

Respondent moved to dismiss this action (ECF No. 16).The court issued a Report and Recommendation to dismiss the petition as time barred (ECF No. 20). Petitioner then filed a "supplemental briefing" asking that he be allowed to raise additional grounds for relief (ECF No. 21). Petitioner also filed objections to the Report and Recommendation (ECF No. 23). The matter was referred back to this court (ECF No. 25).

The court entered an order denying the motion to amend because the issues petitioner was trying to raise are time barred by many years. The issues relate to his original conviction in 1984 (ECF No.26). The matter was referred back to Judge Settle for consideration of the original Report and Recommendation (ECF No. 26).

The court has considered the objections to the original Report and Recommendation (ECF No. 23). Judge Strombom recommended dismissal without prejudice in 2008 in cause number 08-cv-5612FDB/KLS. Petitioner was attempting to raise twelve unexhausted issues. He was given the chance to exhaust his claims in state court and the state court dismissed them as "frivolous" (ECF No. 16, Exhibit 15).

The claims were time barred under 28 U.S.C. 2244 (d) -- even in 2008. Petitioner was attempting to challenge a 2006 parole decision. He had one year to do so. He was eleven months time barred when he filed under cause number 08-cv-5621.

Petitioner now asks the court to dismiss the petition so he can again raise his claims in state court. Petitioner is barred from returning to state court as any further petition will be second or successive and procedurally barred under state law. The

court, therefore, recommends that the original Report and Recommendation be adopted and this action dismissed with prejudice.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C.§ 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only if a petitioner has made "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (*citing* Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Under this standard, this court concludes that petitioner is not entitled to a certificate of appealability with respect to this petition.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of de novo review by the District Court Judge. See, 28 U.S.C. 636 (b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on August 12, 2011, as noted in the caption.

Dated this 13th day of July, 2011.

J. Richard Creatura
United States Magistrate Judge